SARAH SHACK *vs.* ARTHUR SHACK & others, executors, & others. January 2, 1970. The will of Israel Shack (testator) bequeathed sixty-one shares of the common stock of Shack's, Inc. to three trustees with directions to distribute the shares to the testator's three sons, Arthur, Philip and Albert, "if, within ninety (90) days after my decease . . . said sons . . . have established an assured lifetime income of One Hundred Seventy-Five Dollars ($175) per week for my daughter, Sarah." The will further provided that "such lifetime income may be assured for my daughter, Sarah, by the purchase of an annuity, *by the execution of an employment contract with Shack's, Inc.* or in any other manner that such sons and the Trustees deem suitable" (emphasis supplied). Within ninety days after the testator's death, the three sons in-

dividually, the three trustees and Shack's, Inc. executed and sent to Sarah Shack a contract by which she would be employed by the corporation as its office manager "during the period of her lifetime," and would be paid therefor "the sum of One Hundred Seventy-Five Dollars . . . each and every week so long as she shall live." The contract also provided that if "Sarah Shack shall at any time desire to cease her employment as active office manager of the Corporation, she may do so and shall thereafter and so long as she is able, be permitted to serve as a consulting office manager. In the event that Sarah Shack shall, because of disability or for any other reason, be prevented from or cease to continue in the active or consultative position of office manager, the salary which she is entitled to receive under . . . this agreement . . . shall continue without any diminution whatsoever for so long as she shall live." The three brothers jointly and severally obligated themselves to make the weekly payments to Sarah, "in the event that the Corporation or any successor of its business, shall for any reason whatsoever cease to pay Sarah Shack." The personal obligation of each brother for such weekly payments terminated at his death; but it continued as to the surviving brothers. Sarah Shack brought a petition in equity for a declaratory decree on the issue whether the contract of employment offered to her constituted "an assured lifetime income for . . . [her] of not less than One Hundred Seventy-Five Dollars . . . per week" under item VII, D, of the will. The case was heard and argued in the Probate Court, no evidence being offered. The trial judge then entered a decree that the employment contract "is satisfactory to the trustees under said will and that the respondents have thereby fulfilled their obligation in accordance with the directions contained in Clause 7 of said will." The employment contract offered to Sarah Shack not only complied with, but in some respects exceeded, the requirements of the will. There was no error. It is unnecessary to consider the respondents' claim that the petitioner failed to comply with Rule 4 of the Probate Court and with S. J. C. Rule 1:04, 351 Mass. 734, in connection with her appeal.

*Decree affirmed.*

*Jacob Y. Young* for the petitioner.
*Burton Chandler* (*Richard A. Seder* with him) for the respondents.